4929-6910-6582

***Electronically Filed***
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:26-cv-23-BJB

JOHN ARNOLDUSSEN                                                    PLAINTIFF

v.                          **ANSWER TO COMPLAINT**

TRIGG COUNTY, et al                                              DEFENDANTS

Come the Defendants, Trigg County, Aaron Acree, in his official capacity, and Robert A. Schneider, in his official and individual capacity (hereinafter, "Defendants"), by and through counsel, and for their Answer to Plaintiff's Complaint, state as follows:

**FIRST DEFENSE**

Plaintiff's Complaint, fail to state a claim upon which relief can be granted and should therefore be dismissed.

**SECOND DEFENSE**

1.      Defendants have insufficient knowledge to admit or deny the allegations set forth in paragraphs 1, 5, 6, 7, 9, 10, 11, 12, 24, 29, 36, 42, 46, 64, 65, 69, 79, 80, 87, 93, 98, 100, 109, 111, 113, 114, 116, 140, 164, 165, 169, 170, 193, 194, 195, 249, 251, 252, and 255 of Plaintiff's Complaint, and therefore deny same.

2.      Defendants deny the allegations set forth in paragraphs 8, 18, 19, 20, 23, 26, 31, 32, 37, 38, 39, 43, 45, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 66, 68, 70, 72, 73, 77, 78, 82, 83, 85, 86, 88, 89, 91, 92, 94, 95, 97, 99, 101, 102, 103, 106, 107, 110, 112, 115, 117, 118, 119, 120, 122, 123, 124, 125, 126, 127, 128, 130, 131, 132, 133, 134, 135, 136, 137,

138, 141, 142, 143, 144, 145, 148, 149, 150, 151, 152, 153, 154, 156, 157, 158, 159, 160, 167, 168, 171, 172, 173, 174, 175, 176, 178, 179, 180, 181, 182, 183, 185, 186, 187, 188, 189, 190, 191, 192, 196, 197, 198, 199, 200, 201, 202, 203, 205, 206, 207, 208, 209, 214, 215, 216, 217, 218, 219, 220, 221, 223, 224, 225, 226, 227, 228, 229, 230, 231, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 250, 253, 254, 256, 257, and 258 of Plaintiff's Complaint.

3.    Defendants admit the allegations set forth in paragraphs 13, 14, 15, 22, 25, 27, 28, 30, 33, 34, 35, 41, 63, 71, 74, 75, 90, 96, 104, 108, and 204 of Plaintiff's Complaint.

4.    As to the allegations set forth in paragraph 2, Defendants admit Trigg County is a political subdivision of the Commonwealth of Kentucky and that it is organized and exists under the laws of the Commonwealth of Kentucky. Defendants deny the remaining allegations set forth in paragraph 2.

5.    As to the allegations set forth in paragraph 3, Defendants admit Defendant Acree was the duly elected Sheriff of Trigg County, Kentucky, and that he is being sued in his individual capacity only. The remaining portion of paragraph 3 provides a legal conclusion, and therefore does not require a response.

6.    As to the allegations set forth in paragraph 4, Defendants admit Schneider was a duly appointed and acting Deputy Sheriff with the Trigg County Sheriff's Office in Trigg County. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 4, and therefore deny same.

7.    As to the allegations set forth in paragraph 17, Defendants have insufficient knowledge to admit or deny if Plaintiff was standing on his own property, and therefore deny same. Defendants admit the remaining allegations set forth in paragraph 17.

9.    As to the allegations set forth in paragraph 21, Defendants admit Plaintiff was speaking at a raised volume but have insufficient knowledge to admit or deny the reason for such, and therefore deny same. Defendants deny the remaining allegations set forth in paragraph 21.

10.    As to the allegations set forth in paragraph 76, Defendants admit Plaintiff stated he was disabled. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 76, and therefore deny same.

11.    As to the allegations set forth in paragraph 81, Defendants deny Schneider was pushing Plaintiff. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 81, and therefore deny same.

12.    As to the allegations set forth in paragraph 84, Defendants admit that Plaintiff yelled "excessive force".  Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 84, and therefore deny same.

13.    As to the allegations set forth in paragraph 121, Defendants admit that Arnoldussen's arrest occurred after he told Schneider to leave his property but deny the implication that the two are connected, and therefore deny the remaining allegations set forth in paragraph 121.

14.    As to the allegations set forth in paragraph 155, Defendants deny Plaintiff's conduct was protected and expressive. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 155, and therefore deny same.

15.    As to the allegations set forth in paragraph 166, Defendants admit Schneider did not possess a warrant. Defendants have insufficient knowledge to admit or deny the remaining allegations set forth in paragraph 166.

16.     As to the allegations set forth in Paragraph 184, Defendants admit that Sheriff Acree pled guilty to official misconduct and menacing. Defendants deny the remaining allegations set forth in paragraph 184.

17.     As to the allegations set forth in paragraph 211, Defendants deny that Trigg County hires and/or retains any deputies for the Trigg County Sheriff's Office and therefore does not owe a duty in that regard. Defendants admit the remaining allegations set forth in paragraph 211.

18.     As to the allegations set forth in paragraph 212, Defendants Deny that Trigg County trains any deputies for the Trigg County Sheriff's Office and therefore does not owe a duty in that regard. Defendants admit the remaining allegations set forth in paragraph 212.

19.     As to the allegations set forth in paragraph 213, Defendants deny that Trigg County supervises any deputies or the Sheriff of the Trigg County Sheriff's Office and therefore does not owe a duty in that regard. Defendants admit the remaining allegations set forth in paragraph 213.

20.     As to the allegations set forth in paragraph 233, Defendants deny all allegations set forth therein as Trigg County is entitled to the defense of sovereign immunity with respect to all state law claims.

21.     As to the allegations set forth in paragraphs 16, 40, 44, 67, 105, 129, 139, 146, 147, 161, 162, 163, 177, 210, 222, 232, 248, and 259, the statements in these paragraphs do not set forth facts but rather raise a legal conclusion which requires no response.

**Any and all allegations not specifically admitted herein are denied.**

### THIRD DEFENSE

Defendants plead sovereign immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

**FOURTH DEFENSE**

Defendants plead absolute immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

**FIFTH DEFENSE**

Defendants plead qualified immunity as an affirmative defense to the allegations contained in Plaintiff's.

**SIXTH DEFENSE**

Defendants plead qualified official immunity as an affirmative defense to the allegations contained in Plaintiff's Complaint.

**SEVENTH DEFENSE**

Defendants plead waiver, collateral estoppel, and *res judicata* as affirmative defenses to the allegations contained in Plaintiff's Complaint.

**EIGHTH DEFENSE**

Defendants hereby plead the doctrine of legislative immunity as a complete defense to Plaintiff's Complaint.

**NINTH DEFENSE**

Plaintiff's Complaint is barred by the applicable statute of limitations.

**TENTH DEFENSE**

Defendants assert that Plaintiff has not been denied any right or privilege guaranteed by the Constitution or the laws of the United States of America.

**ELEVENTH DEFENSE**

Plaintiff's Complaint is barred by the provisions of KRS 65.200 *et seq.*

## TWELFTH DEFENSE

The court lacks personal and subject matter jurisdiction over Defendants and should, therefore, dismiss Plaintiff's Complaint.

## THIRTEENTH DEFENSE

Before, during, and after the occurrence referred to in the Complaint, Plaintiff negligently failed to exercise ordinary care for his own safety, which negligence caused and contributed to his damages, if any, and injuries, if any, and any judgment rendered in favor of Plaintiff should be reduced in accordance with the law of comparative negligence.

## FOURTEENTH DEFENSE

As an affirmative defense, Defendants plead failure to exhaust administrative remedies.

## FIFTEENTH DEFENSE

At all times complained of, Defendants acted in good faith and in conformity with all applicable standards, laws and regulations pertaining to their conduct and with an objectively reasonable belief that their actions were lawful. Defendants' actions were not willful.

## SIXTEENTH DEFENSE

The damages alleged by the Plaintiff were caused and brought about by an intervening and superseding event over which Defendants had no control or responsibility, and Defendants are without fault, and plead and rely upon the same as a complete or partial bar to the Plaintiff's claims.

## SEVENTEENTH DEFENSE

Defendants reserve the right to plead further herein and specifically reserve the right to amend this answer to assert any and all other affirmative defenses which facts or further discovery may reveal appropriate.

## EIGHTEENTH DEFENSE

Defendants hereby assert all affirmative defenses set forth in Fed. R. Civ. P. 12(b)(6).

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages is barred, in whole or in part, because it violates the laws and the Constitutions of the United States of American and the Commonwealth of Kentucky.

## TWENTIETH DEFENSE

Defendants are not liable for acts or omissions while exercising reasonable due care in the execution and enforcement of any law, public duty, or responsibility.

## TWENTY-FIRST DEFENSE

Defendants actions are protected by defense of privilege afforded to law enforcement officers.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with prejudice, for recovery of costs of suit, including, but not limited to, their reasonable attorneys' fees, and any and all other relief to which Defendants may appear to be entitled.

Respectfully Submitted,

KEULER, KELLY, HUTCHINS
BLANKENSHIP, & SIGLER, LLP
100 South 4th Street, Suite 400
Paducah, KY 42001
Phone: (270) 448-8888
Fax: (270) 448-0998
sblankenship@kkhblaw.com
kkrueger@kkhblaw.com

By: /s/ Stacey A. Blankenship
   Stacey A. Blankenship
   Kristen N. Krueger
  *Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of March, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, sending notice to the following:

JOSHUA HARP
REX KILBURN
BAUGHMAN HARP, PLLC
401 WEST MAIN STREET
SUITE 1
FRANKFORT, KY 40601
harp@harplawoffice.com
*Attorneys for Plaintiff*


By: /s/ Stacey A. Blankenship
    Stacey A. Blankenship